IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| ADAMS COUNTY ASPHALT CO. | : | BANKRUPTCY NO.: 1-03-bk-00722 |
| DEBTOR | : | |
| ADAMS COUNTY ASPHALT CO., | : | {**Nature of Proceeding**: Defendants' Motion for Judgment on the Pleadings (Doc. #29)} |
| PLAINTIFF | : | |
| vs. | : | |
| OLDCASTLE, INC., and PENNSY SUPPLY, INC., | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 1-08-ap-00064** |

# OPINION[1]

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings. For the reasons provided herein, the Motion will be granted and the underlying adversary will be dismissed in its entirety.

A short procedural recitation is helpful. The above-captioned adversary proceeding actually represents Plaintiff's second attempt to obtain declaratory relief against the Defendants and damages for breach of contract.[2] The instant Complaint is a two-Count Complaint. Count I, Request for Declaratory Relief, asks the Court to determine whether an alleged lease between the parties was valid, and Count II, Breach of Contract, requests money damages against the Defendants and in favor of the Plaintiff for violations of the provisions of the alleged lease.

The instant Complaint was met with a Motion to Dismiss (Doc. #6), and following the

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] Plaintiff's first attempt is found at adversary number 1:06-ap-00161. The Complaint was dismissed under Federal Rule of Civil Procedure 12(b)(6) as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, namely, because of the determination by the Court that the Complaint did not present a controversy between the parties subject to a potential resolution by the Court. See Adversary Docket 1:06-ap-00161 at Doc. #14.

hearing thereon, the Court dismissed Count I of the Complaint with prejudice. (Doc. #14). Thereafter, following argument on a Motion to Compel Arbitration (Doc. #16), Plaintiff's counsel withdrew all claims under the alleged contract between the parties. This Motion for Judgment on the Pleadings followed, and the Defendants argue that, as a result of the Court dismissing Count I and the Plaintiff withdrawing any claims under an alleged contract, there remains no judicable interest or claim to be resolved by this Court. This position was met by Plaintiff's claim that what is left for the Court to determine is a quasi-contract claim seeking restitution under the theory of unjust enrichment.

In considering the Defendants' Motion, I will draw all inferences from the pleadings in a light most favorable to the Plaintiff, and I will grant judgment in Defendants' favor only if the Plaintiff can prove no set of facts entitling it to relief. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993).

The doctrine of unjust enrichment is not applicable when the relationship between the parties is founded on a written agreement or express contract. *Roman Mosaic & Tile Co., Inc. v. Vollrath*, 226 Pa.Super. 215, 313 A.2d 305 (1973). Furthermore, "[t]o sustain a claim of unjust enrichment, it must be shown by the facts **pleaded** that a person wrongly secured or passively received a benefit that it would be unconscionable to retain. *Martin v. Little, Brown and Co.*, 304 Pa.Super. 424, 450 A.2d 984 (1981)(emphasis added).

The Complaint also requests that the Court issue money damages against the Defendants for their violation of the provisions of an alleged lease, although it is unclear whether the Plaintiff is requesting expectation interest, which is the preferred basis of contract damages, or whether the Plaintiff is seeking reliance interest. See, *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659 (3d Cir. 1998) and Restatement (Second) of the Law of Contracts § 344. What the Complaint does not seek is the Court to apply principles of equity, namely unjust enrichment, which "[o]bjective is not the enforcement of contracts through the

protection of an injured party's expectation or reliance interests, but is instead rooted in common notions of equity through the protection of the injured's restitution interest." *ATACS Corp.*, 155 F.3d at 669 *citing Fidelity Fund, Inc. v. Di Santo*, 347 Pa.Super. 112, 500 A.2d 431, 438 (1985).

     All of the above leads the Court to reexamine the underlying allegations of the complaint. While the Brief in opposition to the Motion for Judgment on the Pleadings speaks almost exclusively of a cause of action under the quasi-contractual relief of unjust enrichment, the underlying adversary does not even hint of a request of this equitable remedy. After approximately two and one half years and two separate Complaints, the Court and the parties still find themselves reviewing the substance of the Complaints to determine the exact nature of the relief requested. In this instance, the underlying Complaint does not allege equitable theories of relief, and based upon that finding, the Court has determined that there is no judicable issue remaining for resolution by this Court. The Court hereby grants the Motion for Judgment on the Pleadings and dismisses the underlying Complaint.

     An appropriate Order will follow.

Date: May 4, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*