IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| ADAMS COUNTY ASPHALT, CO., | : | BANKRUPTCY NO.: 1-03-bk-00722 |
| DEBTOR | : | |
| ADAMS COUNTY ASPHALT, CO., | : | {**Nature of Proceeding**: Motion for Reconsideration or for Leave to File Amended Complaint (Doc. #46)} |
| PLAINTIFF | : | |
| vs. | : | |
| OLDCASTLE, INC. and PENNSY SUPPLY, INC., | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 1-08-ap-00064** |

# **OPINION**[1]

The Court has for consideration a Motion for Reconsideration or for Leave to File Amended Complaint filed by the above-captioned Plaintiff.[2] For the reasons that follow, the Court hereby denies the Motion.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] The jurisdictional allegations of the Complaint were denied by the Defendants as conclusions of law. On February 9, 2009, the Court entered an Order granting the Motion for Order Confirming the Fourth Amended Chapter 11 Plan (see docket entry number 372 on main case docket 1-03-bk-00722). Article VI of the Fourth Amended Plan (Means for Execution of the Plan) speaks exclusively to the subject matter of the instant adversary proceeding. Furthermore, Article XVIII (Jurisdiction of the Court), at paragraph 18.1(h), retains jurisdiction of the Court to determine, *inter alia*, open adversary proceedings and contested matters. The Court finds that under the dictates of *Resorts International v. Price Waterhouse*, 372 F.3d 154 (3d Cir. 2004), it has jurisdiction to render a decision in resolution of the underlying adversary complaint.

For a more detailed recitation of the procedural history of this case, I direct the parties' attention to my Opinion and Order dated May 4, 2009. It is that Order which the Plaintiff is presently requesting the Court to vacate under both Federal Rules of Civil Procedure 59(e) and 60(b)(6). The Plaintiff argues the Court should reconsider and vacate the May 4, 2009 Order because the "complaint when read under rules of interpretation sets forth a sufficiently pleaded action for recovery under quasi-contractual grounds upon the material default of the Defendant." See Motion for Reconsideration at ¶ 9(A) (Doc. #46). Further, "[a] complaint is to be read with regard to the words set forth in the complaint together with all reasonable inference and when the reasonable inferences are considered the Plaintiff has set forth a viable and substantial action against Oldcastle and Pennsy Supply, Inc." *Id.* at ¶ 9(B).

Initially, I have determined that I properly applied the appropriate standard of review when considering the earlier Motion for Judgment on the Pleadings. See *Janney Montgomery Scott, Inc. v. ShepardNiles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993) and 2 *Moore's Federal Practice*, § 12.38 (Matthew Bender 3d ed.). Further, I find that the Plaintiff has presented no support for any of the grounds for relief that would convince this Court to reconsider and vacate the May 4, 2009 Order under the dictates of Federal Rules of Civil Procedure 59 and 60, as made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure 9023 and 9024. The Court hereby denies the Plaintiff's Motion to reconsider and vacate the May 4, 2009 Order.

The more compelling issue presented by the Plaintiff is whether I should permit

the filing of an Amended Complaint. I note that I did not give the option to the Plaintiff to file an Amended Complaint when I dismissed the underlying adversary. I look to Moore's Federal Practice, Third Edition, for guidance on this issue. At § 12.38 on page 12-139, I find the following:

> [B]ecause the ground for the motion for judgment on the pleadings is the nonmovant's failure to state a claim, and the nonmovant includes in its opposition papers a request to amend the pleadings if they are found deficient, one district court has suggested that a finer analysis is necessary. Under these circumstances, the court must distinguish between failure to state a claim for substantive reasons and failure to state a claim for procedural reasons. When the moving party's challenge to the nonmovant's claim is substantive, the movant, as mentioned above, is entitled to judgment on the pleadings. On the other hand, when the challenge to the nonmovant's claim is procedural, the nonmoving party may be afforded an opportunity to amend the pleadings, provided the party meets the usual requirements for amendment. [Footnotes omitted].

2 *Moore's Federal Practice*, § 12.38 (Matthew Bender 3d ed.)

The case of *Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002) also instructs that

> [a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment "freely ... when justice so requires," Fed.R.Civ.P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments. Fed.R.Civ.P. 59-60. As Wright and Miller observe "once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1489, at 692-93 (2d ed. 1990). As those authors explain:
>
>> To hold otherwise would enable the liberal amendment policy of Rule 15(a)to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the draftsmen of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be

>     obtained after judgment and the broad amendment policy of
>     Rule 15(a) should not be construed in a manner that would
>     render those provisions meaningless.

The underlying challenge to the Complaint as presented by the Motion for Judgment on the Pleadings was based on substantive rather than procedural issues.[3] When I ruled on the earlier Motion for Judgment on the Pleadings, I did not permit the Plaintiff to amend the Complaint. This decision was not based on the Plaintiff's failure to plead causes of action under the basic procedural requirements for all federal pleadings found in Federal Rule of Civil Procedure 8. See 2 *Moore's Federal Practice*, § 8.02[1] at 8-8 *et seq*. (Matthew Bender 3d ed. 2009). See also *Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276 (D.Kansas 1997). Should I have determined that there were merely procedural deficiencies in the Complaint under the aforementioned Rule 8, I would have permitted the Plaintiff to amend the Complaint. But, as set forth in more detail in my Opinion of May 4, 2009, the underlying Complaint contained in two Counts was dismissed on substantive grounds. Count I, a request for declaratory relief, was dismissed following argument on a Motion to Dismiss Count I because of the application of res judicata due to the dismissal of an earlier Complaint filed by the Trustee on December 4, 2006 and dismissed on October 15, 2007. Thereafter, during an argument on a Motion to Compel Arbitration filed in the underlying adversary, the Plaintiff withdrew all claims

---

[3] The prayer in the Defendants' Motion requests that the Court enter judgment on the pleadings in its favor, dismissing Plaintiff's Complaint in its entirety, with prejudice. The Order I entered on May 4, 2009, granted the relief requested in that I ordered that the Motion for Judgment on the Pleadings was granted and further ordered that the above-captioned adversary complaint be dismissed in its entirety.

under an alleged contract between the parties. The withdrawal of any allegations concerning breach of contract left no justiciable issue remaining for resolution.

A dismissal for failure to state a claim is a judgment on the merits, and it is presumed to be with prejudice. See 2 *Moore's Federal Practice*, § 12.34[6][b] at 12-105 *citing Johnsrud v. Carter*, 620 F.2d 29 (3d Cir. 1980). I reiterate that I applied the appropriate standard of review when presented with a Motion for Judgment on the Pleadings and found that the underlying adversary failed as a matter of substantive law and that judgment should be entered in favor of the Defendant as a matter of law.[4] Additionally, having found no cause to reconsider and vacate the earlier Order under either Federal Rule of Civil Procedure 59(e) or 60(b), I also deny that portion of the Motion requesting the Plaintiff be permitted to amend the complaint under Federal Rule

---

[4] The proposed Amended Complaint contains a new titled count "QUASI CONTRACT" with allegations in paragraphs 47 through 56, inclusive. Two allegations specifically address "unjust enrichment" of the Defendants and losses incurred by the Plaintiff under "quasi-contract principles." See paragraphs 53 and 55, respectfully. All other allegations under the new count address allegations which fall under breach of contract or default of contract. The allegations on breach of contract and/or default of contact and unjust enrichment and quasi-contractual principles were not pled in the alternative. This approach seemingly ignored the case law provided by the Court in the May 4, 2009 Opinion that the doctrine of unjust enrichment is not applicable when the relationship between the parties is founded on a written agreement or express contract. Citing *Roman Mosaic & Tile Co., Inc. v. Vollrath*, 226 Pa.Super. 215, 313 A.2d 305 (1973). Interestingly, the wherefore clause requests the Court to issue money damages against the Defendants for violation of the alleged lease and did not request the imposition of any equitable protection of the Plaintiff's restitution interest.

of Civil Procedure 15.

It is for all the foregoing reasons that the Court will deny the Plaintiff's Motion in its entirety.

An appropriate Order will follow.

Date:   September 29, 2009

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*